# Exhibit 1

1  Armine Singh, Esq. (SBN 266694)
2  Jack Ter-Saakyan, Esq. (SBN
   **JT LEGAL GROUP, APC**
3  101 N. Brand Blvd. PH1920
   Glendale, CA 91203
4  Direct: 818-276-2464
   E-Fax: 818-446-2162
5
6  Attorneys for Plaintiff,
   JAMES HALTER
7

**F I L E D**
AMADOR SUPERIOR COURT

**NOV 1 0 2014**

CLERK OF THE SUPERIOR COURT
BY 10122

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **COUNTY OF AMADOR**

10

11  JAMES HALTER, *an individual*;          Case No. **14-CV- 9070**

12

13                                          **VERIFIED COMPLAINT:**

14          Plaintiff,
                                            **(1) VIOLATION OF *CIVIL CODE***
15                                          **SECTION 2923.55;**
                                            **(2) VIOLATION OF CAL. *CIVIL CODE***
16  v.                                      **SECTION 2923.6;**
                                            **(3) VIOLATION OF CAL. *CIVIL CODE***
17                                          **SECTION 2923.7;**
                                            **(4) VIOLATION OF CAL. *CIVIL CODE***
18                                          **SECTION 2924.11;**
                                            **(5) INJUNCTIVE RELIEF PURSUANT**
19  OCWEN LOAN SERVICING, LLC;              **TO CAL. *CIVIL CODE* SECTION 2924.12;**
    WESTERN PROGRESSIVE, LLC; and           **(6) UNFAIR BUSINESS PRACTICES.**
20  DOES 1 through 20, inclusive,

21

22          Defendants.

23

24

25

26  Plaintiff, JAMES HALTER, individual, alleges as follows:

27                         **PARTIES**

28       1.      Plaintiff, JAMES HALTER (hereinafter referred to as "Plaintiff") is, and at all

times relevant to the facts herein, was an individual residing in real property commonly known

VERIFIED COMPLAINT

1    19855 Pitts Dr. Pine Grove, CA 95665 (hereinafter referred to as "Subject Property") located in

2    the County of AMADOR, in the State of California.

3        2.    Plaintiff is informed and believes and based thereon alleges that Defendant

4    OCWEN LOAN SERVICING, LLC ("OCWEN") is, and at all times relevant to the facts

5    herein, was a Delaware limited liability company, doing business in the County AMADOR,

6    State of California.

7        3.    Plaintiff is informed and believes and based thereon alleges that Defendant

8    WESTERN PROGRESSIVE, LLC ("WESTERN"), is and at all times relevant to the facts

9    herein, was a Delaware limited liability company, registered in the state of California, doing

     business in the County AMADOR, State of California.

10       4.    The true names and capacities, whether individual, corporate, partnership,

11   associate, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiff who sues

12   each Defendant by such fictitious names is informed and believe and based thereon allege each

13   of the Defendants designated herein as a fictitiously named Defendant is, and in some manner,

14   was responsible for the events and happenings referred to herein, either contractually or

15   tortuously.    When Plaintiff ascertains the true names and capacities of DOES 1 through 20,

16   they will amend this Complaint accordingly.

17       5.    Plaintiff is informed and believes and based thereon alleges that Defendants and

18   each of them, are, and at all times herein mentioned were, the agents, joint venturers, officers,

19   members representatives, servants, consultants or employees of their co-defendants, and in

20   committing the acts herein alleged, were acting within the scope of such affiliation with the

     knowledge, permission, consent or subsequent ratification of their co-defendants.

21

22                           **JURISDICTION AND VENUE**

23       6.    This Court has subject matter jurisdiction over this matter as the Subject

24   Property is located in the County of AMADOR, California.

25       7.    In addition, this Court has subject matter jurisdiction over the claims raised

26   herein pursuant to *California Constitution* Article VI, section 10, which grants this Court

27   "original jurisdiction in all causes except those given by statute to other trial courts."

28       8.    Defendants herein purposefully directed their activities to the State of

     California.   As a result, Defendants caused an event or events to occur in California, and more

1
COMPLAINT

1    particularly in the County of AMADOR, out of which this action arises and which form the

2    basis of this action.

3        9.    Defendants either are entities duly licensed to do business in the State of

4    California or are entities that regularly conduct business within this judicial district within

5    California.

6        10.   Venue is proper for this Court since the Subject Property (described below) is

7    located in the County of AMADOR and because the events or events out of which this action

     arises and which form the basis for this action arise in the County of AMADOR.

8

9                        **GENERAL FACTUAL ALLEGATIONS**

10       11.   On or about July 28, 2005, Plaintiff financed the Subject Property. As evidence

11   of the loan, Plaintiff executed a promissory note ("Note"), and concurrently executed a Deed of

12   Trust ("Deed of Trust") as security for the Note. The Deed of Trust for the Subject Property

13   was recorded as Document Number 2005-0009845-00 in the Official Records of the AMADOR

14   County Recorder's Office. The named Lender in the Deed of Trust was "Argent Mortgage

15   Company, LLC." Attached hereto and incorporated herein by reference as "Exhibit A" is a true

16   and correct copy of the Deed of Trust. Typical to the predatory lending era of its time, the Deed

17   of Trust contained an adjustable rate rider. The Trustee under the Deed of Trust was "Town and

     Country Title Services, Inc."

18

19       12.   Also on or about June 16, 2014, Defendants caused to be recorded a Notice of

20   Default and Election to Sell Under Deed of Trust ("NOD") in the Official County Recorder's

21   Office Records as Document No. 2014-0003879-00. Attached hereto and incorporated herein

22   by reference as "Exhibit B" is a true and correct copy of the NOD. The NOD contained a

23   boilerplate declaration of compliance signed by Matthew Owens, alleging to be the Contract

     Management Coordinator of OCWEN.

24       13.   On or about October 14, 2014, Defendants caused to be recorded a Notice of

25   Trustee's Sale in the Official County Recorder's Office Records as Document No. 2014-

26   0006838-00. Attached hereto and incorporated herein by reference as "Exhibit C" is a true and

27   correct copy of the Notice of Trustee's Sale.

28       14.   The Defendants, through substantive and procedural irregularities of the non-

     judicial foreclosure process, are undertaking a wrongful non-judicial foreclosure of the Subject

                                        2
                                    COMPLAINT

Property pursuant to California *Civil Code* section 2924 *et seq.* Plaintiff now faces the loss of the Subject Property, as well as lost the opportunity to pursue other foreclosure prevention options that they would have pursued but for the Defendant's violations of California *Civil Code* section 2924 *et seq.*

## FIRST CAUSE OF ACTION

### (VIOLATION OF *CIVIL CODE* SECTION 2923.55)

### Against ALL Defendants & DOES 1-20

15.     By this reference, Plaintiff incorporates each and every fact alleged in paragraphs 1 through 14 above, as though fully set forth herein.

16.     On or about June 16, 2014, Defendants caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") in the Official County Recorder's Office Records as Document No. 2014-0003879-00. Attached hereto and incorporated herein by reference as "Exhibit B" is a true and correct copy of the NOD. The NOD contained a boilerplate declaration of compliance signed by Matthew Owens, alleging to be the Contract Management Coordinator of OCWEN.

17.     California *Civil Code* section 2923.55 provides that, prior to the recording of a Notice of Default, a beneficiary or authorized agent must contact the borrower via telephone or in person to access the borrower's financial situation and explore options for the borrower to avoid foreclosure. A beneficiary or authorized agent is excused from this requirement only if the failure to contact the borrower occurred despite the due diligence of the beneficiary or authorized agent. "Due diligence" means sending a letter by first class mail that includes a toll free number made available by HUD and thereafter three (3) attempts to contact the borrower by phone to the primary number on the file. A beneficiary or authorized agent satisfies the telephone contact requirements if it determines, after attempting to contact the borrower by telephone, that the primary and any secondary number have been disconnected. If the beneficiary or authorized agent does not receive a response from the borrower within two weeks after the telephone requirements have been met, the beneficiary or authorized agent must send a certified letter to the borrower, with return receipt requested.

25     A beneficiary and authorized agent are excused from the requirements of California *Civil Code* section 2923.55 described in the previous paragraph if: (1) the

3
COMPLAINT

borrower has voluntarily surrendered the property; (2) the borrower has contracted with an organization whose primary business is advising borrowers on how to extend the foreclosure process; or (3) the borrower is in bankruptcy.

18.    A beneficiary and authorized agents are required to refrain from recording a Notice of Default and proceeding with the foreclosure process until thirty (30) days has passed from the time they made the contact with the borrower as described above or from the time they satisfied the due diligence requirements as described above.

19.    None of the Defendants has contacted the borrower, or attempted to contact the borrower as required under Cal. Civil Code section 2923.55, to discuss his financial situation or options for avoiding foreclosure as required under California *Civil Code* section 2923.55. Indeed, the paragraph inserted into the NOD purporting to that the Defendants had complied is false.    Plaintiff had not voluntarily surrendered the Subject Property, nor contracted with an organization whose primary purpose is to delay foreclosure proceedings, or filed for bankruptcy prior to the recordation of the NOD.

20.    In violation of California *Civil Code* section 2923.55 Defendants caused to be executed and recorded the NOD even though the required contacts with Plaintiff had not been made. Indeed, a declaration in the NOD that the requirements of California *Civil Code* section 2923.55 were met has not even been attached or referenced.

21.    As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2923.55, Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the loss of the Subject Property, the opportunity to pursue foreclosure prevention alternatives they would have qualified for had the Defendants contacted them to discuss alternatives to foreclosure prior to recording the Notice of Default, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF CAL. *CIVIL CODE* SECTION 2923.6)

### Against PENNYMAC & DOES 1-20

22.    By this reference, Plaintiff incorporates each and every fact alleged in paragraphs 1 through 21 above, as though fully set forth herein.

4
COMPLAINT

23.     Pursuant to California *Civil Code* sections 2923.6,

"(d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

(e) If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:

(1) Thirty-one days after the borrower is notified in writing of the denial."

24.     Plaintiff submitted a complete first lien loan modification application to Defendants. Defendants did not send Plaintiff a written denial letter regarding their application. Indeed, the defendants did not provide any response as to Plaintiff's eligibility for a loss mitigation alternative.

25.     Thus, Defendants are in violation of California *Civil Code* sections 2923.6, as Defendants have a duty to maximize the net present value under their pooling and servicing agreements, and a mortgage servicer acts in the best interests of all the parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan.

26.     Plaintiff has been damaged to the extent that Plaintiff faces the loss of the Subject Property, Plaintiff has not been afforded the opportunity to obtain a modification so that Plaintiff may retain the Subject Property in lieu of a foreclosure, including the emotional distress and cost and expense of the instant litigation.

## THIRD CAUSE OF ACTION

### (VIOLATION OF CAL. *CIVIL CODE* SECTION 2923.7)

### Against PENNYMAC & DOES 1-20

27.     By this reference, Plaintiff incorporates each and every fact alleged in paragraphs 1 through 26 above, as though fully set forth herein.

5
COMPLAINT

28.     Pursuant to California *Civil Code* sections 2923.7:

"(a) Upon request from a borrower who requests a foreclosure

prevention alternative, the mortgage servicer shall promptly

establish a single point of contact and provide to the borrower one

or more direct means of communication with the single point of contact.

(b) The single point of contact shall be responsible for doing all of the following:

(1) Communicating the process by which a borrower may apply for an

available foreclosure prevention alternative and the deadline for

any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with

available foreclosure prevention alternatives and notifying the

borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient

to timely, accurately, and adequately inform the borrower of the current status of the

foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure

prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to

stop foreclosure proceedings when necessary.

(c) The single point of contact shall remain assigned to the

borrower's account until the mortgage servicer determines that all

loss mitigation options offered by, or through, the mortgage servicer

have been exhausted or the borrower's account becomes current.

(d) The mortgage servicer shall ensure that a single point of

contact refers and transfers a borrower to an appropriate supervisor

upon request of the borrower, if the single point of contact has a supervisor."

29.     Plaintiff requested a foreclosure prevention alternative when they submitted

a complete loan modification application. Defendants failed to promptly furnish a single point

of contact ("SPOC") that: (1) Communicated the process by which a borrower may apply for

an available foreclosure prevention alternative and the deadline for any required submissions to

be considered for these options; (2) Coordinated receipt of all documents associated with

6
COMPLAINT

available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application; (3) Had access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative; (4) Ensured that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any; (5) Had access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

30.     As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2923.7, Plaintiffs have suffered and will continue to suffer substantial irreparable harm, including but not limited to the opportunity to retain their home through a mortgage modification, potential loss of the Subject Property, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.  Furthermore, Plaintiffs have been harmed in that Plaintiffs were unable to exercise their rights to reinstate the loan under Cal. *Civil Code* section 2924c, as well as exercise their rights to secure other alternatives to foreclosure.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF CAL. *CIVIL CODE* SECTION 2924.11)
### Against ALL Defendants & DOES 1-20

30.     By this reference, each and every fact alleged in paragraphs 1 through 31 above are incorporated herein by reference, as though fully set forth herein.

31.     Pursuant to Cal. Civil Code section 2924.11.

"(a) If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative."

**7**
COMPLAINT

32.     Plaintiff submitted a complete first lien loan modification application to Defendants. Defendants did not send Plaintiff a written denial letter regarding their application. Indeed, the defendants did not provide any response as to Plaintiff's eligibility for a loss mitigation alternative.

33.     As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2924.11, Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the loss of the Subject Property, the opportunity to pursue foreclosure prevention alternatives they would have qualified for had the Defendants contacted them to discuss alternatives to foreclosure prior to recording the Notice of Default, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF CAL. *CIVIL CODE* SECTION 2924, 2924.8, 2924b, 2924f)

### Against ALL Defendants & DOES 1-20

34.     By this reference, Plaintiffs incorporate each and every fact alleged in paragraphs 1 through 33 above, as though fully set forth herein.

35.     Pursuant to California *Civil Code* section 2924, "after the lapse of the three months described in paragraph (2), the mortgagee, trustee, or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f."

36.     Pursuant to California *Civil Code* section 2924.8 (a), "Upon posting a notice of sale pursuant to section 2924f, a trustee or authorized agent shall also post the following notice in the manner required for posting the notice on the property to be sold, and a mortgagee, trustee, beneficiary, or authorized agent, concurrently with the mailing of the notice of sale pursuant to Section 2924b, shall send by first-class mail in an envelope addressed to the "Resident of property subject to foreclosure sale" the following notice in English and the languages described in Section 1631:

> "Foreclosure process has begun on this property, which may affect your right to continue to live in this property. Twenty days or more after the date of this notice, this property may be sold at foreclosure.

8
COMPLAINT

If you are renting this property, the new property owner may either give you a new lease or rental agreement or provide you with a 60-day eviction notice. However, other laws may prohibit an eviction in this circumstance or provide you with a longer notice before eviction. You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights you may have."

37.     Defendants failed to post a copy of the Notice of Trustee's sale on the Plaintiff's property pursuant to California *Civil Code* sections 2924, 2924.8, in the manner prescribed under California *Civil Code* section 2924f. Furthermore, Defendants failed to send a Notice of Trustee's Sale via certified mail to Plaintiffs, as well as a letter containing the language set forth in California *Civil Code* Section 2924.8 subsection (a).

38.     On or about September 17, 2013, Defendants caused to be recorded a Notice of Trustee's Sale in the Official County Recorder's Office Records as Document No. 20131351939.  Attached hereto and incorporated herein by reference as "Exhibit D" is a true and correct copy of the Notice of Trustee's Sale.  Defendants did not provide notice of the Notice of Trustee's sale pursuant to the requirements set out in California's non-judicial statutory scheme codified in Cal. *Civil Code* section 2924 *et seq*. California *Civil Code* section 2924f provides that "before any sale of property can be made under the power of sale contained in any deed of trust or mortgage," the notice and posting requirements must be met.

39.     As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2924 *et seq*., Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the opportunity to take advantage of Plaintiff's right to reinstatement, the opportunity to pursue foreclosure prevention alternatives, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.

/ / /
/ / /
/ / /

9<br>COMPLAINT

## SIXTH CAUSE OF ACTION

### (INJUNCTIVE RELIEF PURSUANT TO CAL. *CIVIL CODE* SECTION 2924.12)

#### Against ALL Defendants & DOES 1-20

40.     By this reference, each and every fact alleged in paragraphs 1 through 48 above are incorporated herein by reference, as though fully set forth herein.

41.     Pursuant to Cal. *Civil Code* section 2924.12 (a) (1), "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."

42.     Defendants are in material violation of Cal. Civil Code section 2923.6, 2923.7 as alleged herein. Thus, Plaintiff, borrower of the subject loan, is able to bring an action for injunction relief to enjoin these violations.

43.     Pursuant to Cal. *Civil Code* section 2924.12 (a)(2), "Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief."

44.     Pursuant to Cal. *Civil Code* section 2924.12 (i) A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section.

### SEVENTH CAUSE OF ACTION

#### (UNFAIR BUSINESS PRACTICES)

#### Against ALL Defendants and DOES 1 through 20

45.     By this reference, Plaintiff incorporates each and every fact alleged in paragraphs 1 through 44 above, as though fully set forth herein.

46.     The Unfair Competition Law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California *Business and Professions Code* §17200, *et seq.* The Act also provides for injunctive relief and restitution for violations.

47.     Defendants engaged in "unfair," "unlawful," and/or "fraudulent" business act or practice by failing to provide a determination of Plaintiff's first lien loan modification request as required under Cal Civil Code section 2923.6 and 2924.11 as plead above. On or about

10
COMPLAINT

February, 2014, Plaintiffs submitted a complete first lien loan modification application to Defendants. Defendants did not send Plaintiffs a written denial letter regarding their application. Instead, Defendants have not provided Plaintiffs with a response to date.

48.    Defendants engaged in "unfair," "unlawful," and/or "fraudulent" business act or practice by failing to contact the borrower, or attempted to contact the borrower as required under Cal. Civil Code section 2923.55, to discuss their financial situation or options for avoiding foreclosure as required under California *Civil Code* section 2923.55. Indeed, the paragraph inserted into the NOD purporting to that the Defendants had complied is false.

49.    By virtue of the acts and omissions of the defendants, they have engaged in unfair competition within the meaning of California Business and Professions Code §17200, thereby entitling Plaintiff to injunctive and restitutionary relief as provided by California Business and Professions Code §17203.

50.    The aforementioned acts were willful, oppressive, and malicious, in that the Defendants engaged in acts of unfair competition with the deliberate intent to injure Plaintiff. Plaintiff is therefore entitled to payment of damages in a sum sufficient to punish the Defendants and to set an example and deter such conduct in the future.

51.    As a direct and foreseeable result of the Defendants' violation of Business and Professions Code §17200, Plaintiff has suffered and will continue to suffer substantial irreparable harm.

52.    Plaintiff has been damaged from all causes alleged above in an amount exceeding the jurisdictional amount and is increasing each day. As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2924 *et seq.*, Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the cost and expense of the instant pending litigation, the opportunity to obtain foreclosure prevention alternatives, the back dues and interest Plaintiff would not have to date had they been assessed for alternatives, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial. Furthermore, Plaintiff has been harmed in that Plaintiff was unable to exercise their rights to reinstate the loan under Cal. Civil Code section 2924c, as well as exercise their rights to secure other alternatives to foreclosure.

11
COMPLAINT

### EIGHTH CAUSE OF ACTION

### (VIOLATION OF CAL. *CIVIL CODE* SECTION 2934a, 2924b, 2924f)

### Against ALL Defendants & DOES 1-20

53.     By this reference, Plaintiff incorporates each and every fact alleged in paragraphs 1 through 52 above, as though fully set forth herein.

54.     California *Civil Code* section 2934a provides the statutory guidelines on the procedure of substituting a trustee under a Deed of Trust, and the notice requirements that must be met thereafter.  Specifically, California *Civil Code* section 2934a subdivision (a) (1) allows a trustee to be substituted, "by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest."

55.     Additionally, Defendants needed to comply with the strict guidelines under California *Civil Code* section 2934a subdivision (b), which states the following:

> "If the substitution is executed, but not recorded, prior to the or concurrently with the recording of the notice of default, the beneficiary or beneficiaries or their authorized agents shall cause notice of the substitution to be mailed prior to or concurrently with the recording thereof, in the manner provided in Section 2924b, to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b.  An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision."

54.     Here, the Defendants or their authorized agents did not cause the notice of the substitution to be recorded in the county recorder's office, nor a certified copy to be mailed prior to or concurrently with the recording thereof, in the manner provided in Section 2924b, to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b.

55.     Furthermore, an affidavit, signed in the presence of a notary, that notice has been given to those persons and in the manner required by Section 2934a subdivision (b) has not been recorded in Amador County Recorder's Office either.

12<br>COMPLAINT

56.     In fact, pursuant to subdivision (e), "any sale conducted by the substituted trustee is void," unless a new notice of trustee's sale is given pursuant to Cal. Civil Code section 2924f after a valid substitution of trustee is recorded.

57.     California *Civil Code* section 2924(a)(3) states that after the lapse of three months from the filing of the NOD, "the mortgagee, trustee, or other person authorized to take the sale shall give notice of the sale."

33.     On or about October 14, 2014, Defendants caused to be recorded a Notice of Trustee's Sale in the Official County Recorder's Office Records as Document No. 2014-0006838-00. Attached hereto and incorporated herein by reference as "Exhibit C" is a true and correct copy of the Notice of Trustee's Sale. California *Civil Code* section 2924f provides that "before any sale of property can be made under the power of sale contained in any deed of trust or mortgage," the notice and posting requirements must be met. Because WESTERN was not a mortgagee, trustee, or other person authorized to give notice of the sale, the Notice of Trustee's sale violates California *Civil Code* section 2924f, and is invalid as a matter of law.

34.     As a direct and foreseeable result of the Defendants' violations under California *Civil Code* section 2924 *et seq.*, Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

### FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, & EIGHTH CAUSES OF ACTION

(1)     General damages in a sum according to proof against all Defendants in excess of $25,000;

(2)     Compensatory damages provided by law including, not limited to California *Civil Code* § 3300;

(3)     For interest provided by law including, but not limited to California *Civil Code* § 3291 against all Defendants;

13
COMPLAINT

(4)     Consequential damages in an amount to be proven at trial;

(5)     Injunction prohibiting any further sale of Subject Property;

(6)     Equitable injunctive, and/or declaratory relief as the Court may deem just and proper.

### SEVENTH CAUSE OF ACTION

(1)     Restitution of profits that the defendants have unfairly obtained as a result of loss of income and interest;

(2)     Equitable injunctive, and/or declaratory relief as the Court may deem just and proper.

### ON ALL CAUSES OF ACTION

(1)     For costs and expenses incurred in this action;

(2)     For such other and further relief in law and equity that the Court deems just and proper.

DATED: Nov. 7, 2014                          JT Legal Group, APC

By: _____

Armine Singh, Esq.
Attorneys for Plaintiff,
JAMES HALTER

14
COMPLAINT

# EXHIBIT A

Branch :F41,User :AT08                         Comment:                                    Station Id :CDAT

Recording Requested By:
Argent Mortgage Company, LLC

Return To:
Argent Mortgage Company, LLC
P.O. Box 5047
Rolling Meadows, IL 60008

Prepared By:Argent Mortgage Company, LLC
Chad Reed
2603 Main Street
Irvine, CA 92614

Amador County Recorder
Sheldon D. Johnson
DOC- 2005-0009845-00
Acct 2-First American Title Co
Thursday, JUL 28, 2005 08:45:00
Ttl Pd   $60.00          Nbr-0000110102
                                 SDJ/R1/1-19

——————————————— [Space Above This Line For Recording Data] ———————————————

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated July 22, 2005
together with all Riders to this document.
(B) "Borrower" is JAMES HALTER, An Unmarried Man

Borrower is the trustor under this Security Instrument.
(C) "Lender" is Argent Mortgage Company, LLC

Lender is a Limited Liability Company
organized and existing under the laws of Delaware

                                 0083764514 - 9504

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3005  1/01

-6(CA) (0005)
Page 1 of 15                    Initials:
   VMP MORTGAGE FORMS - (800)521-7291                        07/21/2005 2:30:31 PM

          d06-01ca (05/2005)Rev.01

Exhibit 1, Page 17 of 34

Branch :F41,User :AT08                     Comment:                                      Station Id :CDAT

Lender's address is One City Boulevard West  Orange, CA 92868

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is Town and Country Title Services, Inc.

(E) "Note" means the promissory note signed by Borrower and dated July 22, 2005
The Note states that Borrower owes Lender three hundred seven thousand five hundred
and 00/100                                                                    Dollars
(U.S. $307,500.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than August 1, 2035
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

008376491 - 9504
Initials:
-6(CA) (0006)               Page 2 of 15        07/21/2005 21:30:31    Form 3005  1/01

D06-02CA (05/2005)Rev.01

Exhibit 1, Page 18 of 34

Branch :F41,User :AT08                    Comment:                              Station Id :CDAT

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

County                              of                      AMADOR                      :
        [Type of Recording Jurisdiction]                           [Name of Recording Jurisdiction]
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

Parcel ID Number: 038-490-034                         which currently has the address of
19855 PITTS DRIVE                                                                [Street]
PINE GROVE                                          [City], California 95665        [Zip Code]
("Property Address"):

  TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

  BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

  THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

  UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

  1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

                                                        0083764524-9504

-6(CA) (0006)                         Page 3 of 15   07/21/2005 2:30:31 PM   Form 3005   1/01

(05/2005)Rev.01

Branch :F41,User :AT08                    Comment:                              Station Id :CDAT

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____                    _____ (Seal)
                                           JAMES HALSETH                 -Borrower

_____                    _____ (Seal)
                                                                         -Borrower

                          _____ (Seal)   _____ (Seal)
                                     -Borrower                            -Borrower

_____ (Seal)             _____ (Seal)
                      -Borrower                                          -Borrower

_____ (Seal)             _____ (Seal)
                      -Borrower                                          -Borrower

0083764514 - 9504

-6(CA) (0008)                Page 14 of 18   07/21/2005  2:30:31 PM  Form 3005   1/01

(05/2005)Rev.01

Exhibit 1, Page 20 of 34

Branch :F41,User :AT08                    Comment:                    Station Id :CDAT

**State of California**

County of _Amador_ } ss:

On _7-27-05_ before me, _Lena M. Scanlin, Notary Public_
    Day/Month/Year                    Notary Public

personally appeared _James Halter_

_____

_____

_____

personally known to me (or proven to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s)
acted, executed the instrument

Witness my hand and official seal,

_____    (Seal)
Notary Public

    LENA M. SCANLIN
    Commission # 1425842
    Notary Public - California
    Amador County
    My Comm. Expires Jul 19, 2007

Page 15 of 15                    0083764514 - 9504
                                07/21/2005 2:30:31 PM

400-15CA (05/2005)Rev.01

Branch :F41,User :AT08                    Comment:                                    Station Id :CDAT

### ADJUSTABLE RATE RIDER
**(LIBOR Six-Month-Index (As Published in the Wall Street Journal)- Rate Caps)**

THIS ADJUSTABLE RATE RIDER is made this 22nd day of July , 2005   and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to Argent Mortgage Company, LLC (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

19855 PITTS DRIVE, PINE GROVE, CA  95665
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of  6.900 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Dates**
The interest rate I will pay may change on the first day of  August, 2007  , and on that day every sixth  month thereafter. Each date on which my interest rate could change is called a "Change Date."

   **(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in the Wall Street Journal.  The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

   If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information.  The Note Holder will give me notice of this choice.

Initials

Loan Number:  0083784514 - 9504

610-1 (Rev 1/01)                       Page 1 of 3

07/21/2005 2:30:31 PM

AMADOR,CA                      Page 16 of 19              Printed on 11/6/2014 4:21:54 PM
Document: DOT 2005.9845

Branch :F41,User :AT08                    Comment:                    Station Id :CDAT

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding six percentage points ( 6.000 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than  8.900% or less than 6.900%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  One( 1.000 %) from the rate of interest I have been paying for the preceding  six months. My interest rate will never be greater than 12.900% or less than 6.900)%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

Loan Number:  0083764514 - 9504

610-2 (Rev 1/01)                    Page 2 of 3                    07/21/2005 2:30:31 PM

Branch :F41,User :AT08                           Comment:                              Station Id :CDAT

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing. If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)      _____ (Seal)
Borrower JAMES HALTER                              Borrower

_____ (Seal)      _____ (Seal)
Borrower                                          Borrower

Loan Number:  0083764514 - 9504

810-3 (Rev 1/01)                    Page 3 of 3

                                                  07/21/2005 2:30:31 PM

Exhibit 1, Page 24 of 34

Branch :F41,User :AT08                    Comment:                                   Station Id :CDAT

## DESCRIPTION

All that certain land situated in the State of California, County of AMADOR, UNINCORPORATED AREA OF PINE GROVE, described as follows:

PARCEL 2, AS SHOWN AND DESIGNATED ON RECORD OF SURVEY-BOUNDARY LINE ADJUSTMENT FOR BUD DESVOIGNES AND WILLIAM DESVOIGNES, FILED FOR RECORD DECEMBER 22, 1977 IN BOOK 29 OF MAPS AND PLATS, AT PAGE 28.

WE NOTE BUT DO NOT INSURE THE FOLLOWING:

TOGETHER WITH AN EASEMENT FOR ACCESS AND UTILITY PURPOSES OVER THAT CERTAIN STRIP OF LAND DELINEATED AND DESIGNATED "ACCESS AND UTILITY EASEMENT", UPON THAT CERTAIN OFFICIAL MAP RECORDED IN BOOK 15 OF MAPS AND PLATS, AT PAGE 66, AMADOR COUNTY RECORDS.

APN No: 038-490-034

"END OF DOCUMENT"

# EXHIBIT B

Branch :F41,User :AT08                    Comment:                                    Station Id :CDAT

RECORDING REQUESTED BY:

Premium Title of California

WHEN RECORDED MAIL TO:

Western Progressive, LLC

2002 Summit Blvd, Suite 600

Atlanta, GA 30319

*Amador*

Amador County Recorder
Kimberly L. Grady
DOC- 2014-0003879-00
Acct 8-DPS
Monday, JUN 16, 2014 12:15
Ttl Pd    $16.00         Nbr-0000254385
                          CT1/R1/1-4

---

Loan No.: 7142742985

TS No. 2014-01941-CA
APN No.:038490034

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 정부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KEM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$51,015.03 as of 06/10/2014**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Page 1

Branch :F41,User :AT08                    Comment:                              Station Id :CDAT

Loan No.: 7142742985                              TS No. 2014-01941-CA

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2 By Ocwen Loan Servicing, LLC, its attorney in-fact**

C/O Western Progressive, LLC

30 Corporate Park, Suite 450

Irvine, California 92606

Phone: 877-596-8580

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

'Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.'

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 07/22/2005, executed by, JAMES HALTER, AN UNMARRIED MAN , as Trustor, to secure certain obligations in favor of ARGENT MORTGAGE COMPANY, LLC, A LIMITED LIABILITY COMPANY., recorded 07/28/2005 , as Instrument No. 2005-0009845-00 , in Book —, Page — , of Official Records in the Office of the Recorder of Amador County, California describing land therein as: As more particularly

Page 2

Exhibit 1, Page 28 of 34

Branch :F41,User :AT08                    Comment:                              Station Id :CDAT

Loan No.: 7142742985                              TS No. 2014-01941-CA

**described on said Deed of Trust.**

Street Address or other common designation of real property:        **19855 Pitts Drive, Pine Grove, CA 95665**

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of $307,500.00.   A breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of Principal and Interest plus impounds and/or advances which became due on 05/01/2013 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.
You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.
Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.
Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

"See Attached Declaration"

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING.   YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS.   THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF.   SHOULD YOU NOT DO
SO, THE DEBT WILL BE CONSIDERED VALID.  IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

Dated: June 12, 2014              Western Progressive, LLC, as agent for beneficiary
                                  C/O 30 Corporate Park Suite 450
                                  Irvine, CA 92606
                                  Beneficiary Phone: 877-596-8580

                                  Tamika Y. Smith, Trustee Sale Assistant

                                                                Page 3

Branch :F41,User :AT08                     Comment:                                   Station Id :CDAT

### California Declaration of Compliance
#### (Civ. Code § 2923.55(c))

Borrower(s):   James Halter
Loan No.:      7142742985

The undersigned declares as follows:

     I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☐    The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑    The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐    The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐    The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC as Servicer for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2

Matthew Owens   Contract Management Coordinator
Print Name                                          Signature                          Date

### END OF DOCUMENT

# EXHIBIT C

Branch :F41,User :AT08                Comment:                          Station Id :CDAT



Amador County Recorder
Kimberly L. Grady
**DOC- 2014-0006838-00**
Check Number 187446
REGO BY OPS
Tuesday, OCT 14, 2014 12:53
Ttl Pd   $19.00   Nbr-0000258663
CT2/R1/1-3

RECORDING REQUESTED BY
Western Progressive, LLC

AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
2002 Summit Blvd, Suite 600
Atlanta, GA 30319

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 2014-01941-CA          Loan No.: 7142742985          A.P.N.:038-490-034-000

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER:**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 07/22/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: JAMES HALTER, AN UNMARRIED MAN
Duly Appointed Trustee: Western Progressive, LLC
Recorded 07/28/2005 as Instrument No. 2005-0009845-00 in book —, page— and of Official Records in the office of the Recorder of Amador County, California,
Date of Sale: 11/17/2014 at 12:00 PM
Place of Sale:    AT THE MAIN ENTRANCE TO THE AMADOR COUNTY COURTHOUSE 500 ARGONAUT LANE, JACKSON, CA

Estimated amount of unpaid balance and other charges: $322,380.14

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as

TS:2014-01941-CA

AMADOR,CA                         Page 1 of 3                    Printed on 11/6/2014 4:21:58 PM
Document: DOT SLE 2014.6838

Branch :F41,User :AT08                    Comment:                                    Station Id :CDAT

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt

**More fully described in said Deed of Trust**

Street Address or other common designation of real property: **19855 Pitts Drive, Pine Grove, CA 95665**
**A.P.N.: 038-490-034-000**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$322,380.14.**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

TS:2014-01941-CA

AMADOR,CA                              Page 2 of 3                       Printed on 11/6/2014 4:21:58 PM
Document: DOT SLE 2014.6838

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866)-960-8299 or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx. using the file number assigned to this case 2014-01941-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale

Date: October 9, 2014

Western Progressive, LLC , as Trustee
C/o 30 Corporate Park, Suite 450
Irvine, CA 92606
Automated Sale Information Line: (866) 960-8299
http://www.altisource.com/MortgageServices/DefaultManagement/Tru
steeServices.aspx

For Non-Automated Sale Information, call: (866) 240-3530

Dimitry V. Smith, Trustee Sale Assistant

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

TS:2014-01941-CA

**END OF DOCUMENT**

AMADOR,CA                          Page 3 of 3                     Printed on 11/6/2014 4:21:59 PM
Document: DOT SLE 2014.6838